UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.                                        Case No: 5:23-cv-369-WFJ-PRL

LAKE COUNTY, et al.,

    Defendants.

_____

## ORDER

Before the Court is Plaintiff Angel E. Gaston's Amended Civil Rights Complaint filed under 42 U.S.C. § 1983 and 28 U.S.C. § 1367. (Doc. 12).[1] Plaintiff, proceeding *pro se*, is currently housed in South Florida Reception Center.

### I. Statutory Screening of Prisoner Complaints

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] A previous Order dismissed multiple defendants and permitted Plaintiff the opportunity to cure the deficiencies of his original complaint. *See* Doc. 8.

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted).

Federal Rule Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Mathew v. Paynter*, 752 F. App'x 740, 742 (11th Cir. 2018). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). The allegations must also "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted) (ellipses in original).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

## II. Amended Complaint[2]

On October 27, 2020, Plaintiff was arrested in Lake County. (Doc. 12 at 11). He claims that during his entire incarceration at Lake County he was not able to get in touch with his assigned attorney and he was subjected to "excessive physical abuse and torture by the detention deputies." *Id.* at 12, 13. Plaintiff "wrote multiple grievances and contacted everyone (jail doctors, mental health department, chaplain, judges, and my attorneys) that I could to assist me in the abuse I was experiencing at

---

[2] Plaintiff's Amended Complaint contains facts and allegations against Defendants that have been dismissed. Those facts will not be included in this section.

3

the hands of the detention deputies." *Id*. at 13. Due to an alleged lack results from his grievances, Plaintiff conducted hunger strikes. *Id*.

Plaintiff claims that while he was housed at the Lake County Detention Center ("LCDC") he was repeatedly denied access to the law library because he had counsel. Deputy Helton advised Plaintiff that "only *pro se* detainees were permitted access to legal materials, printing, and copying; once per week for only one hour." *Id*. at 15. Deputy Helton allegedly told Plaintiff that this policy was put in place by Derick Shroth, legal counsel for the Lake County Sheriff's Department, approved by Sheriff Grinnell, and enforced by Captain Edwards and Lt. Weddle. *Id*. Due to the policy, Plaintiff claims he was unable to get the forms needed to dismiss his counsel and proceed *pro se*. Deputy Helton eventually provided Plaintiff the requested form. *Id*. at 16.

In March 2022, Plaintiff dismissed his counsel and proceeded *pro se* with standby counsel from the Office of Criminal Conflict and Civil Regional Counsel. *Id*. at 26–27. Plaintiff was then permitted access to the law library consistent with LCDC's policy. *Id*. at 27. In September 2022, Plaintiff "submitted a civil complaint that involved Lake County and several detention deputies to be copied" and for the first time, Deputy Mitchell charged him a copy fee of $1.00 per page. *Id*. at 30. Plaintiff claims this was in retaliation to him filing a complaint against the conditions of his confinement. *Id*. Later, Deputy Malia refused to make copies of his legal documents. *Id.*

In January 2023, Master Deputy Knight "removed my access to legal materials as punishment for disputing and grieving her refusals to copy and mail out my legal documents to the Court." *Id*. at 31. When Plaintiff grieved this "blatent [sic] retaliation," the grievances were declared "invalid" and Deputy Knight's actions were supported by Sergeant Dolen and Lieutenant Weddle. *Id*. at 32.

### III.  Analysis

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). The Eleventh Circuit has held that § 1983 claimants must allege facts to support their claims with some specificity. *Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir. 1998).

#### A. Defendant Lake County

##### 1. Ineffective Assistance of Counsel

Plaintiff sues Lake County, alleging the Lake County court system permitted his Sixth and Fourteenth Amendment rights to be violated by his court-appointed counsel.[3] (Doc. 12 at 33–35). Plaintiff compiles a laundry list of alleged deficient acts and complaints against these dismissed defendants. *See id*. at 33–35. As to Lake

---

[3] Plaintiff's claims against his counsel were dismissed with prejudice. (Doc. 8 at 7–9).

County, Plaintiff mere states, "Lake County did not satisfy the dictates of the 6th Amendment that call for fair court hearings." *Id*. at 34. The amended complaint contains nothing more than a conclusory allegation of Lake County's involvement in his criminal court proceedings. Plaintiff has failed to state a claim on which relief may be granted.

### 2. Access to Courts

Plaintiff sues Lake County, alleging it deprived him of adequate access to the courts in violation of the 14th Amendment. (Doc. 12 at 35–36). He alleges Lake County has a policy that only permits *pro se* detainees access to the law library, copying, and printing and deprives all others the ability to prepare and file habeas corpus or civil rights actions.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). That right may be met "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. When interpreting the right of access to courts outlined in *Bounds*, the Eleventh Circuit has held that access to additional legal material is not mandatory where legal counsel is provided as an alternative. *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011) (citing *Hooks v. Wainwright*, 775 F.2d 1433, 1435 (11th Cir. 1985) ("concluding state need not provide prisoners assistance of counsel in addition to libraries for purpose of filing collateral suits, stating, 'it is noteworthy that *Bounds* refers to law libraries or other forms of legal assistance, in the disjunctive, no fewer than five times.'")); *Edwards*

6

*v. United States*, 795 F.2d 958, 961, n. 1, 3 (11th Cir. 1986)) (stating that when counsel is offered, the alternative of other legal assistance is not mandatory, citing *Bounds*, 430 U.S. at 828); *Daker v. Warren*, 660 F. App'x 737, 740 (11th Cir. 2016) (reiterating that under Eleventh Circuit precedent access to a law library is not mandatory for a *pro se* defendant when counsel has been offered); *Singleton v. FS No. 7084*, No. 3:11-cv-70-J-12TEM, 2011 WL 617942, at *3 (M.D. Fla. Feb. 15, 2011) (holding there is no constitutional right to access legal materials in preparing a *pro se* defense in a criminal case when counsel has been offered and the plaintiff has elected to represent himself).

Here the requirements of *Bounds* were satisfied because Plaintiff had the option to receive assistance from court-appointed counsel. *See Smith*, 426 F. App'x at 790 n.5 ("Regardless of whether *Bounds* applies to pretrial detainees, we conclude in this case *Bounds* does not require access to a law library where Smith had the option of assistance of appointed counsel."). Plaintiff's allegations show that Plaintiff was represented by court-appointed counsel in his state court criminal case, but he dismissed his counsel to represent himself. (Doc. 12 at 26).

Further, to the extent Plaintiff claims Sheriff Grinnell, Derick Shroth, Captain Edwards, Deputy Helton, and Lieutenant Weddle prevented from pursuing civil rights and habeas cases, *see* Doc. 12 at 13–14, 15, 22, 35–36, he has also failed to state a claim. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating

that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by ... an official's action." *Barbour*, 471 F.3d at 1225 (citations omitted). The Eleventh Circuit has held a prisoner asserting an access-to-courts violation must allege the defendant's conduct interfered with a criminal appeal, a petition for habeas corpus, or a civil rights action. *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998))). Plaintiff failed to plead any facts related to the cases he was prevented from bringing, let alone establish that they were nonfrivolous.

### 3. *Monell* Claims

While the Supreme Court has held that local government entities are "persons" within the scope of § 1983, and thus subject to liability, Plaintiff cannot rely on a theory of *respondeat superior* to hold Lake County liable. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978) (finding that a county does not incur § 1983 liability for injuries caused solely by its employees). "It is only when the execution of the government's policy or custom ... inflicts the injury that the [county] may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (omission in original and internal quotation marks omitted). Thus, to impose § 1983 liability on Lake County, Plaintiff must show "(1) that his constitutional rights were violated; (2) that the municipality had a custom or

8

policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289. To successfully prove a policy or custom, it is generally necessary for a plaintiff to demonstrate "a persistent and wide-spread practice." *Id*. at 1290. This threshold burden "prevents the imposition of liability based upon an isolated incident." *Id*.

Here, Plaintiff claims his access to court rights were violated due to Lake County's failure "to act and evaluate its plan to ascertain compliance with constitutional standards against a custom and culture of direct and/or indirect deliberate indifference to the detainees ineffective assistance in preparation and filing of meaningful legal documents" and its failure "act against Mr. Grinnell's and Mr. Shroth's policies of preventing access to the courts." (Doc. 12 at 36). He further claims that "Lake County failed to train county policymakers to establish policies and procedures that would ensure the rights of detainees to access the courts and have adequate access to effective and competent legal representation." *Id*. at 37. Because Plaintiff has failed to state a constitution violation regarding his ineffective assistance and access to court claims, his *Monell* claims similarly fail.

### B. Detention Deputies[4]

#### 1. Retaliation

Prison officials violate a prisoner's "First Amendment rights to free speech and to petition the government" by punishing that prisoner "for filing a grievance

---

[4] Master Deputy Knight, Deputy Malia, Deputy Mitchell and Unknown Deputy #1. *See* Doc. 12 at 37.

concerning the conditions of his imprisonment." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006)). To prevail on such a claim, a plaintiff must satisfy three elements: "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Id*. (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)).

Plaintiff alleges that Unknown Deputy #1 retaliated against him by depriving him "of my right to attend first appearance and then gave false statements and documentation to the Court stating that I refused to participate in the proceeding." (Doc. 12 at 37). Plaintiff has failed to state a claim of retaliation because he has fails to allege that this action by Unknown Deputy #1 was related to any protected speech or act.

Plaintiff claims that Deputy Mitchell and Deputy Malia retaliated against him in violation of his First Amendment rights. (Doc. 12 at 37). He states that prior to September 9, 2022, he had never been charged for making copies of legal documents. *Id*. However, after he submitted a civil rights complaint against several detention deputies, Deputy Mitchell retaliated by charging him one dollar per page to copy the 78-page complaint. *Id*. Roughly a month later, Deputy Malia refused to make copies of Plaintiff's legal documents. *Id*. at 30, 37–38. Plaintiff claims these acts were in retaliation to him naming LCDC staff members in a lawsuit. *Id.* Next, Plaintiff claims

10

Master Deputy Knight retaliated against him due him filing a grievance against her. *Id*. at 38. Knight "remov[ed] my access to legal materials and research." *Id*.

Plaintiff's allegations against Master Deputy Knight and Deputies Mitchell and Malia, accepted as true, state a claim for retaliation under the First Amendment.

### 2. Conspiracy

Plaintiff merely speculates about the existence of a conspiracy. He fails to assert that the alleged conspirators made and shared a single plan to deprive him of a federal right or that the conspirators committed an overt act in furtherance of the conspiracy, which caused an injury to Plaintiff. *See Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (holding to properly state a claim for conspiracy under § 1983, a plaintiff must allege, with specificity, that the defendants agreed to deny the plaintiff his constitutional rights, and that defendants did, in fact, violate plaintiff's constitutional rights); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (A court may properly dismiss a conspiracy claim if it includes only conclusory allegations and does not contain specific facts to inform the defendant "of the nature of the conspiracy alleged."); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) ("A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an understanding' to violate the plaintiff's constitutional rights."); *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement, which presupposes communication."). And his vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be

supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). This claim is due to be dismissed for failure to state a claim.

### 3. Negligence

Negligence claims are not cognizable under 42 U.S.C. § 1983 because the law is well-settled that the Constitution is not implicated by a defendant's negligent acts. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("As we held in *Daniels*, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Thus, Plaintiff's negligence claim is due to be dismissed for failure to state a claim.

## IV. Conclusion

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's § 1983 claims against Defendants Lake County, Sheriff Peyton C. Grinnell, Derick Shroth, Captain Edwards, Lieutenant Weddle, Deputy Helton, and Unknown Deputy #1 are **DISMISSED without prejudice** for failure to state a claim.

2. The claims for First Amendment retaliation against Master Deputy Knight and Deputies Mitchell and Malia remain pending.

3. To continue the prosecution of this case, Plaintiff must complete the necessary forms and submit service copies of his Amended Complaint (Doc. 12) with all attachments in order to serve the remaining Defendants.

4. The **Clerk** is directed to send Plaintiff blank summons forms and blank USM-285 ("Process Receipt and Return") forms. Plaintiff must submit a completed copy of each of the enclosed forms **for each Defendant**. Plaintiff is required to fill in the name and street address of each Defendant in the appropriate spaces on the summons and USM-285 forms. Plaintiff shall fill in **60 days** as the number of days allowed to answer. **Plaintiff must sign the USM-285 form.**

5. Plaintiff shall mail the completed forms, along with **3 identical copies** of the Amended Complaint (Doc. 12) to the Clerk's Office within **21 DAYS** from the date of this Order. Failure to return the completed forms and service copies within this time period will result in dismissal for failure to prosecute, without further notice.

**DONE** and **ORDERED** in Tampa, Florida on November 22, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
*Pro Se* Party