UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

      Plaintiff,

v.                                 Case No: 5:23-cv-369-WFJ-PRL

FNU KNIGHT, et al.,

      Defendants.

_____

## ORDER

This matter comes before the Court on Defendants, Deputy Knight, Deputy Mitchell, and Deputy Mallia's Amended Motion to Dismiss Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[1] (Doc. 27). Plaintiff responded. (Doc. 31). After briefing by the parties, the Court denies the motion.

### I. Allegations of the Amended Complaint (Doc. 12)[2]

On October 27, 2020, Plaintiff was arrested in Lake County. (Doc. 12 at 11). He claims that during his entire incarceration in Lake County he was subjected to "excessive physical abuse and torture by the detention deputies." *Id*. at 12, 13. Plaintiff "wrote multiple grievances and contacted everyone (jail doctors, mental health

---

[1] Defendants' Motion to Dismiss (Doc. 26) is **DENIED** as moot. The Amended Motion only added certification of compliance with Local Rule 3.01(g). *See* Doc. 27 at 1, 9.

[2] Plaintiff's Amended Complaint contains facts and allegations against Defendants that have been dismissed. *See* Docs. 8 and 16. Those facts will not be included in this section.

department, chaplain, judges, and my attorneys) that I could to assist me in the abuse I was experiencing at the hands of the detention deputies." *Id*. at 13. Due to an alleged lack results from his grievances, Plaintiff conducted hunger strikes. *Id*.

On September 9, 2022, Plaintiff "submitted a civil complaint that involved Lake County and several detention deputies to be copied." *Id*. at 30. Plaintiff claims that Deputy Mitchell "decided to retaliate and deter future submission of legal documents by charging my trust account one dollar per page for copying my 78 page legal document/complaint." *Id*. Plaintiff alleges that up to that date he had never been charged by detention deputies for making copies of legal documents. *Id*.

Plaintiff claims that other detention deputies began to deny making copies of his legal documents all together. *Id*. On October 5, 2022, Deputy Mallia refused to make copies of legal documents "in retaliation for the Civil Complaint I submitted against him and other deputies." *Id*. Finally, on January 3, 2023, Deputy Knight "removed my access to legal materials as punishment for disputing and grieving her refusals to copy and mail out my legal documents to the Court." *Id*. at 31.

## II. Standard of Review

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972). On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Court must view the allegations in the complaint in the light most favorable to the plaintiff, and consider the allegations in the complaint, including all

2

reasonable inferences, as true. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

3

## III. Analysis

### A. Summary of the Arguments

In their motion to dismiss, Defendants contend Plaintiff failed to state a claim of First Amendment retaliation because: 1) there is no constitutional right to free photocopies, 2) there are no facts that support the second element of the retaliation standard, and 3) there are no facts that support the third element of the retaliation standard. (Doc. 27 at 5–8). Plaintiff argues that: 1) the Defendants only started charging him for copies after he named them and other detention staff in grievances and complaints, 2) charging him to make photocopies after filing a separate federal civil rights lawsuit related to the conditions of his confinement (Case No. 5:22-cv-394-KKM-PRL (M.D. Fla.)) both drained his commissary account and punished him for filing grievances and complaints, and 3) the charging to make copies, the refusal to make copies, and the seizure of his legal materials occurred after he attempted to have copies made of his federal lawsuit that named jail staff. (Doc. 31 at 2–21).

### B. First Amendment Retaliation

"'[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). "To state a § 1983 First Amendment retaliation claim, a plaintiff generally must show:" (1) that the plaintiff engaged in constitutionally protected speech; (2) the defendant took retaliatory action that adversely affected that protected speech; and (3) a causal connection between the defendant's retaliatory conduct and the adverse effect on the

4

plaintiff's speech. *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)). Showing injury alone is insufficient, the retaliatory motive must be the "but-for" cause of the adverse action. *Nieves*, 139 S. Ct. at 1722. Prison officials violate a prisoner's "First Amendment rights to free speech and to petition the government" by punishing that prisoner "for filing a grievance concerning the conditions of his imprisonment." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006)).

As to the first prong, it "is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." *Id.* For the second prong, a "plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Bennett*, 423 F.3d at 1254 (determining the precise standard for the second prong of a retaliation claim), *abrogated in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). A plaintiff does not have to show that his own exercise of his rights has been chilled, only that a jury could find that the acts would chill a person of ordinary firmness. *Id.* at 1254-55. Finally, the causal connection prong "asks whether the defendants were subjectively motivated" by the plaintiff's protected act. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008).

Accepting the alleged facts as true – at the Court must do at this posture – Plaintiff has alleged a plausible claim of retaliation under the First Amendment. He

asserts that in March 2022 he began representing himself in his Lake County, Florida criminal case. (Doc. 12 at 26–27). From March 2022 through September 8, 2022, Plaintiff used the jail's law library weekly "to access legal materials, printing, and copying." *Id*. at 27. On September 9, 2022, Plaintiff "submitted a civil complaint that involved Lake County and several detention deputies to be copied."[3] *Id*. at 30. After noticing that Plaintiff was filing a federal civil rights complaint against several co-workers, Deputy Mitchell, for the first time, charged Plaintiff one dollar per page for copying the 78-page complaint. *Id*. In October 2022, Deputy Mallia, a named defendant in Case 5:22-cv-394, refused to make copies of Plaintiff's legal documents. Finally, in January 2023, Deputy Knight "removed my access to legal materials as punishment for disputing and grieving her refusals to copy and mail out my legal documents to the Court." *Id*. at 31.

Because Plaintiff claims that he engaged in constitutionally protected speech by filing a federal civil rights complaint regarding the conditions of his confinement, that Defendants Mitchell and Mallia took retaliatory actions by either refusing to copy or charging him to make copies of legal documents despite having done so freely in the past, and Defendants acted due to Plaintiff's federal civil rights complaint, he has adequately alleged that Defendants Mitchell and Mallia violated his First Amendment right to survive a motion to dismiss. Further, because he claims that he engaged in

---

[3] In his Response, Plaintiff notes that this civil complaint was the initial complaint filed in Case 5:22-cv-394-KKM-PRL (M.D. Fla.). (Doc. 31 at 7). That case "involved a complaint of malicious torture, exesive [sic] use of force, deliberate indifference, and other counts against Mallia and several of his fellow detention deputies…" *Id*.

6

constitutionally protected speech by filing a grievance against Defendant Knight and that Defendant Knight took retaliatory action by removing Plaintiff's access to legal materials "as punishment" for him filing the grievance, he has adequately alleged that Defendant Knight violated his First Amendment right to survive a motion to dismiss.

## IV. Conclusion

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Amended Motion to Dismiss (Doc. 27) is **DENIED**.

2. Within 21 days, Defendants must file an answer or otherwise respond to Plaintiff's Amended Complaint.

**DONE** and **ORDERED** at Tampa, Florida on February 24, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Party
Counsel of Record

7